UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                      **Hon. Hugh B. Scott**

           v.

                                     09CR310S

                                            **Order**

VINCENT GIAMO,
MARY GIAMO,

                 Defendants.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (text Order of Mar. 3, 2010).

The instant matters before the Court are (a) defendant Vincent Giamo's omnibus motion which seeks the following relief: suppression of evidence seized pursuant to a search warrant; suppression of evidence seized pursuant to consent; filing of a Bill of Particulars; production of discovery; production of Brady materials; furnishing the identity of informants; production of Federal Rules of Evidence 404(b) and 807 disclosure; search of Government agents' personnel files; and preservation of evidence (Docket No. 15, motion of Nov. 30, 2010), and (b) defendant Mary Giamo's joinder in that motion (Docket No. 16, motion of Dec. 1, 2010).

The Government has filed responding papers (Docket No. 19), and later supplemented this response regarding the search of personnel records and the request for Federal Rule of Evidence 807 material (Docket No. 26, Gov't Atty. Supp'al Aff. ¶ 2). Argument of this motion

was set and later adjourned several times as the parties attempted to resolve this case by plea, but ultimately were unsuccessful (see, e.g., Docket Nos. 22, 23, text minute entries Mar. 16, 2011, Sept. 28, 2011, Oct. 4, 2011). At the last conference in this matter, on October 4, 2011, the parties announced that no resolution was forthcoming and that the motions would need to be decided; the Government then was given until October 18, 2011, to supplement its response and the motions would be deemed submitted as of October 18, 2011 (text minute entry, Oct. 4, 2011).

## BACKGROUND

Defendants are charged in an eight-count Indictment for violations of the Internal Revenue Code, 26 U.S.C. §§ 7201, 7206(2), regarding joint tax returns filed by husband and wife Vincent and Mary Giamo. They are charged with willfully evading payment of income taxes in 2002-2005 by filing fraudulent corporation income tax returns that understated the income from their business, Utopia, by declaring that no income was earned (or that the company lost money) from that business each of these years (Docket No. 1, Indict., Counts I-IV). The Indictment also charges defendants with fraudulently preparing tax returns for these tax years, in violation of I.R.C. § 7206(2) (id., Counts V-VIII).

According to the Government's response to these motions (Docket No. 19, Gov't Response at 1-3), during the years 2000 through 2005, defendants were the sole shareholders of 228 Franklin Street, Inc., doing business as "Utopia," a night club and bar. Mary Giamo was the president of that corporation, while Vincent was vice president (id. at 1). In January 2006, the Internal Revenue Service ("IRS") commenced an investigation of defendants for under-reporting income after agents interviewed the former manager of Utopia. The former manager stated that defendants maintained two sets of books and records for the corporation, one for tax purposes

2

and a second with the true financial status of the corporation (id. at 2).  The IRS then sent an undercover agent to talk with defendants when defendants proposed to sell the corporation.  The agent recorded the conversation.  Defendants discussed the revenue generated by the business.  The agent also contacted the broker involved in the sale of the business who stated that Utopia had gross receipts of over $1,000,000.  (Id. at 2-3.)  Agents then applied for a search warrant of defendants' residence from the undersigned; agents executed this warrant and found two sets of books for the corporation (id. at 3).

**DISCUSSION**

I.    Bill of Particulars

Defendants seek a Bill of Particulars.   The Government objects to such particularization given the allegations in the Indictment and discovery furnished to date (Docket No. 19, Gov't Response at 10-13).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Technically, a Bill of Particulars is an amplification of the pleadings and not discovery.

Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres, 901 F.2d 205 (2d Cir. 1990); see United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985) (citing Won Tai v. United States, 273 U.S. 77, 82 (1927)).  The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed,"

United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases.  United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment, the Court finds that defendants **are not entitled** to a Bill of Particulars inasmuch as they are sufficiently advised of the charges against them to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect each of them from double jeopardy.

II.     Discovery

Defendants next seek various items of pretrial discovery.  Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters.  For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment.  In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

A.     Statements

Pursuant to Rule 16(a)(1)(A) the defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 15, Vincent Giamo Atty. Aff. ¶ 57).  They also seek Title III intercepts (id. ¶¶ 60-63).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by

any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[1]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, <u>Clewis v. Texas</u> 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendants (Docket No. 19, Gov't Response at 14) and stated its intention to use defendants' statements as evidence at trial (<u>id.</u>).  The Government made no separate statement about Title III intercepts.  To the extent that the Government has not yet done so, pursuant to Rule 16(a)(1)(A), the Government **is hereby directed to produce all such statements** made by defendants.

B.      Defendants' Criminal Records

Next, defendants seek production of their criminal record that the Government may intend to use at trial (Docket No. 15, Vincent Giamo Atty. Aff. ¶ 58).  The Government agrees to provide these records (Docket No. 19, Gov't Response at 14).  This **suffices**.

C.      Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 15, Vincent Giamo Atty. Aff. ¶ 59). The Government's response to these specific requests is that it has produced all evidence for inspection (Docket No. 19, Gov't Response at 14-15).  Thus, defendants' motion is **deemed moot**.

---

[1] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

D.     Identification Procedures

As to defendants seeking notice of whether identification evidence would be introduced and the nature of that identification (Docket No. 15, Vincent Giamo Atty. Aff. ¶¶ 67-68), the Government states that it intends to use Vincent Giamo's handwriting as identifying proof (Docket No. 19, Gov't Response at 15).

E.     Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendants have requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the Indictment (Docket No. 15, Vincent Giamo Atty. Aff. ¶ 70).  The Government has responded that it proposes to have no such tests conducted (Docket No. 19, Gov't Response at 15).

F.     Fruit of Search

Defendants also seek notice if the Government intends to use any of the fruits of a search as evidence at trial (Docket No. 15, Vincent Giamo Atty. Aff. ¶¶ 64-66).  The Government has produced the search warrant application and the search warrant (Docket No. 19, Gov't Response at 15) and this constitutes sufficient notice.

G.     Rule 12 Notice

Pursuant to Rule 12(d)(2), defendants request that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 15, Vincent Giamo Atty. Aff. ¶¶ 54-56).  Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Government has not responded to this request, save disclosing its intentions regarding

defendants' statements (Docket No. 19, Gov't Response at 14). Otherwise, defendants' request is hereby **granted**.

       H.     Jencks Act

Defendants request disclosure of Jencks Act materials at least 30 days in advance of trial (Docket No. 15, Vincent Giamo Atty. Aff. ¶ 71), while the Government agrees to produce those materials no later than two weeks prior to trial, pursuant to the final pretrial Order of the District Court (Docket No. 19, Gov't Response at 16). The Government's proposed timing of Jencks Act disclosure **suffices**.

III.    <u>Brady</u> Material

Defendants have requested that the Government disclose all materials potentially favorable to each defendant, including information to be used for the impeachment of the Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. <u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

Defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which he seeks to obtain. The Government's response is that it agrees to provide impeachment <u>Brady</u> material (Docket No. 19, Gov't Response at 19, 16-19).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for each defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV.     Identity of Informants

Defendants seek the pre-trial disclosure of the identity of any informants in this case.  The Government is not required to furnish the identities of informants unless it is essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988).  Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial, United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990).  Defendants have not established that the

pre-trial disclosure of the identities of any informants is essential to their respective defenses. This request is **denied**.

V.      Rule 404(b) and 807 Evidence

Defendants next request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 15, Vincent Giamo Atty. Aff. ¶¶ 108-16).  They also seek Government disclosure of residual exception statements under Rule 807 (id. ¶ 126).  The Government contends that it offered Rule 404(b) disclosures in its voluntary discovery (Docket No. 19, Gov't Response at 20).    In its supplemental affidavit, the Government states that it has complied with the Rule 807 obligation within its voluntary discovery (Docket No. 26, Gov't Atty. Supp'al Aff. ¶¶ 6-8).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government has represented that it will provide all such material to the defendant at the time of the pretrial conference in this case.  These are both **sufficient** in this case.

VI.     Personnel Files

Defendants next ask the Government to search the personnel files of its agents for Brady or Giglio[2] material (Docket No. 15, Vincent Giamo Atty. Aff. ¶¶ 11-18).  In its supplemental response, the Government contends that it will review personnel files to determine if any Brady material is present and is willing to submit the personnel records for in camera inspection (if

---

[2]Giglio v. United States, 405 U.S. 150 (1972).

necessary) (Docket No. 26, Gov't Atty. Supp'al Aff. ¶¶ 3-5).  At this stage, the Government's review of agents' records and production of any <u>Brady</u> or <u>Giglio</u> material should **suffice**.

VII.    Preservation of Evidence

Defendants have also requested that the Government preserve rough notes and other evidence taken by law enforcement agents involved (Docket No. 15, Vincent Giamo Atty. Aff. ¶¶ 121-25).  The Government has not expressly addressed this request.  The Government therefore **is to preserve** rough notes and evidence taken.

VIII.   Motions to Suppress

One aspect of defendant Vincent Giamo's motion to suppress warrants a hearing:  that is whether he voluntarily consented to the search Utopia's business records.  He objects to being compelled to sign consent to search forms for searching Utopia's offices for those records, contending that he felt intimidated and uncomfortable when asked to sign (<u>id.</u> ¶¶ 35-38).  He also sought (alternatively) a hearing on "any unresolved factual issue" (<u>id.</u> ¶ 25).

**CONCLUSION**

For the reasons stated above, defendant Vincent Giamo's motion (Docket No. 15) for various omnibus discovery relief is **granted in part, denied in part**, as stated above; defendant Mary Giamo's motion to join in her husband's motions (Docket No. 16) is **granted** and relief as to her for these particular motions is **granted in part, denied in part** as found for Vincent Giamo.

An evidentiary hearing shall be held on **Wednesday, December 14, 2012, at 2 pm**, before the undersigned at the U.S. Courthouse, 2 Niagara Square, Buffalo, New York.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
          November 23, 2011